{¶ 1} Plaintiff-appellant, Norma DeSarro, appeals a decision of the Columbiana County Common Pleas Court awarding summary judgment to defendant-appellee, Mike McVay, on her claims for defamation and negligent infliction of emotional distress.
 {¶ 2} Appellant acquired ownership of a "D5" liquor permit which was assigned to a bar called the Green Mill located on Dresden Avenue in East Liverpool, Ohio. In early 2001, appellant began the process of seeking a transfer of the license to another location at the intersection of Pennsylvania Avenue and Parkway in East Liverpool, with the stated intent of opening a carryout. At the time, appellant also owned a nightclub in East Liverpool called the University Club, for which her daughter owned the liquor license.
 {¶ 3} At a city council meeting on April 19, 2001, appellee, the city police chief, requested that the council formally object to the transfer. Appellee questioned why appellant wanted to transfer a "D5" license, which is for a nightclub operation, to a location to be operated as a carryout, when there exists a license specifically for carryouts. As reported in a local newspaper the next day, appellee alleged that appellant was attempting to "`fudge' the license with the Ohio Liquor Control Board and that, once transferred, nothing could be done to stop her from starting up an actual bar or nightclub at that location." (April 20, 2001 Morning Journal, p. 20.) The article also quoted appellee as stating that the University Club was the "worst bar in town." Appellee referred to problems his department had had with the University Club, including fights, public intoxication, public indecency, and a drive-by shooting.
 {¶ 4} On August 30, 2001, appellant filed a complaint setting forth causes of action for defamation and negligent infliction of emotional distress. Appellant took issue with the comment attributed to appellee that she would "fudge" the application for the transfer of the license. Following discovery, including depositions from both appellant and appellee, appellee filed a motion for summary judgment on June 5, 2002. Appellant filed a response on July 3, 2002. On July 11, 2002, the trial court granted appellee's motion. The court found that appellant could not sustain her claim of negligent infliction of emotional distress because she had not been caused nor in imminent fear of physical injury. As for her claim for defamation, the court found even if the statements were defamatory, appellee, acting in his official capacity as police chief, was entitled to a qualified privilege and that appellee had not made the comments with actual malice. This appeal followed.
 {¶ 5} Appellant's sole assignment of error states:
 {¶ 6} "The circumstances in which a jury must decide issues of facts."
 {¶ 7} Appellant addresses only her claim for defamation[1] and makes the general assertion that "[i]f the effect of the meaning of the statement is unclear, a jury must decide the issue."
 {¶ 8} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co.(1976),54 Ohio St.2d 64, 66, 375 N.E.2d 46, 8 O.O.3d 73; Civ. R. 56(C).
 {¶ 9} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ. R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. * * *" (Emphasis sic.)Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.
 {¶ 10} The "portions of the record" or evidentiary materials listed in Civ. R. 56(C) include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. The court is obligated to view all the evidentiary material in a light most favorable to the nonmoving party. Temple v. Wean United,Inc.(1977), 50 Ohio St.2d 317, 364 N.E.2d 267, 4 O.O.3d 466.
 {¶ 11} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ. R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher, 75 Ohio St.3d at 293,662 N.E.2d 264.
 {¶ 12} Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc., Inc. (1995), 104 Ohio App.3d 598, 603, 662 N.E.2d 1088, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 247-248,106 S.Ct. 2505, 91 L.Ed.2d 202.
 {¶ 13} In Regional Imaging Consultants v. Computer Billing Serv., 7th Dist. No. 00 CA 79, 2001-Ohio-3457, at ¶ 63-67, this court detailed the law concerning defamation as follows:
 {¶ 14} "Defamation is a false publication that injures a person's reputation, exposes the person to public hatred, contempt, ridicule, shame or disgrace or affects the person adversely in his trade or business. Matalka v. Lagemann (1985), 21 Ohio App.3d 134, 136. Defamation can be in the form of either slander or libel. Slander generally refers to spoken defamatory words, while libel refers to written or printed defamatory words. Lawson v. AK Steel Corp. (1997), 121 Ohio App.3d 251,256; see, also, A B-Abell Elevator Co., Inc. v. Columbus/CentralOhio Bldg. Contr. Trades Council (1995), 73 Ohio St.3d 1, 7.
 {¶ 15} "The essential elements of a defamation action, whether slander or libel, are that the defendant made a false statement, that the false statement was defamatory, that the false defamatory statement was published, that the plaintiff was injured and that the defendant acted with the required degree of fault. Celebrezze v. Dayton Newspapers, Inc.
(1988), 41 Ohio App.3d 343, 346-347. In an action for defamation, the plaintiff's prima facie case is made when he has established a publication to a third person for which defendant is responsible, the recipient's understanding of the defamatory meaning, and its actionable character.Hahn v. Kotten (1975), 43 Ohio St.2d 237, 243.
 {¶ 16} "Defamation is further categorized as defamation per se and defamation per quod. Defamation per se occurs when material is defamatory on its face, i.e., by the very meaning of the words used; defamation per quod occurs when material is defamatory through interpretation or innuendo. Moore v. P. W. Pub. Co. (1965), 3 Ohio St.2d 183, 188; Beckerv. Toulmin (1956), 165 Ohio St. 549, 556. Written matter is libelous per se if, on its face, it reflects upon a person's character in a manner that will cause him to be ridiculed, hated, or held in contempt, or in a manner that will injure him in his trade or profession. Id. at 553. When a writing is not ambiguous, the question of whether it is libelous per se is for the court to decide. Id. at 555.
 {¶ 17} "Under Ohio law, for a statement to be defamatory it must be a statement of fact and not of opinion. Vail, supra,72 Ohio St.3d at 281. Section 11, Article I of the Ohio Constitution provides in relevant part: `[e]very citizen may freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of the right; and no law shall be passed to restrain or abridge the liberty of speech, or of the press.'
 {¶ 18} "Whether allegedly defamatory language is opinion or fact is a question of law for the court to decide. Yeager v. Local Union 20
(1983), 6 Ohio St.3d 369, 372. A `totality of the circumstances' test is used to determine whether a statement is fact or opinion. Vail at 281. This is a fluid test and calls for the court to consider the specific language used, whether the statement is verifiable, the general context of the statement and the broader context in which the statement appeared. Id."
 {¶ 19} In this case, other than making the general assertion, appellant fails to explain how the statements in question were defamatory or point to evidence in support thereof. When appellee made the statement that appellant may have been trying to "fudge" the transfer application, he was raising a legitimate point. Why would appellee want to transfer a liquor license designed for a bar/nightclub to a location that was supposedly only going to be run as a carryout? As for his comments concerning the University Club, appellee again had a legitimate basis for those statements. Appellee explained the numerous problems and calls his department has had with the University Club, fights, public intoxication, public indecency, and a drive-by shooting. Based on the totality of the circumstances, appellee's statements do not rise to the level of defamation and were statements of opinion, not fact.
 {¶ 20} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 21} The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite and DeGenaro, JJ., concur.
[1] Appellant has not assigned error to the trial court's resolution and dismissal of her claims for negligent infliction of emotional distress. As such, this opinion will not address the trial court's dismissal and resolution of that claim.